UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 1 2 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Anthony Long,

    Plaintiff,

v.      Civil Action No. 17-2267 (UNA)

Darrly Brady *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a District of Columbia resident. The complaint is difficult to follow, but it is clear from the attachments that plaintiff is challenging decisions regarding his entitlement to veterans' benefits. Such a challenge is the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d

1

420, 421 (D.C. Cir. 2000) (per curiam); *see accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam), citing 38 U.S.C. § 511(a); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). As a result this Court lacks "subject matter jurisdiction over the complaint." *Price*, 228 F.3d at 421 (citing 38 U.S.C. § 511(a) (other citations omitted)). A separate order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: December 12, 2017